George J. Zatlin v. Commissioner.
Zatlin v. Commissioner
Docket No. 32451.
United States Tax Court
1952 Tax Ct. Memo LEXIS 233; 11 T.C.M. (CCH) 428; T.C.M. (RIA) 52127; May 2, 1952
*233 R. Fred Koehler, Esq., 506 Olive St., St. Louis, Mo., and Noah Weinstein, Esq., for the petitioner. Marvin E. Hagen, Esq., for the respondent. LEMIRE Memorandum Findings of Fact and Opinion The respondent has determined deficiencies in petitioner's income tax for 1945 and 1946 in the amounts of $4,984.11 and $2,296.81, respectively. The only question in issue is whether petitioner's wife was a partner in a business in which the petitioner, his brother-in-law and his father-in-law were engaged as an alleged partnership composed of them and their wives. Findings of Fact Petitioner is an individual residing at University City, Missouri. His income tax returns for 1945 and 1946 were filed with the collector for the first district of Missouri. In 1923 petitioner, Jacob B. Orenstein and Samuel Orenstein organized a partnership to engage in manufacturing bias and binding for clothing. In 1925 the business was incorporated under the laws of the State of Missouri and was operated as a corporation until July 30, 1941. At about the time of the organization of the partnership petitioner was married to Fay Orenstein, the daughter of Samuel Orenstein. Jacob B. Orenstein *234 was the son of Samuel Orenstein. Petitioner purchased his interest in the partnership for a consideration of $1,000 cash. Petitioner's partnership interest was 30 per cent while each of the other partners had a 35 per cent interest. The business was operated under this partnership agreement until the close of 1943. At that time a new partnership agreement was entered into between the three partners and their wives. The business was continued as before under the same name. Petitioner purportedly made a gift to his wife of one-half of his 30 per cent interest in the partnership. The other two partners likewise purportedly conveyed to their wives one-half of their interests in the partnership. Petitioner's capital account on the books of the partnership at November 30, 1943, was $30,690.85. As of December 1, 1943, this account was debited $15,000 and a like amount was credited to the capital account of his wife. Petitioner filed a gift tax return on March 15, 1944, reporting a gift to his wife of $15,000. No tax was shown to be due on the return. Notice of admission of the wives to the partnership was sent to the partnership's bank and to Dun & Bradstreet. Petitioner's wife contributed *235 no new capital to the business. Her interest in the partnership depended entirely upon the alleged gift by the petitioner of a share of his interest in the business. Pursuant to the agreement petitioner received a salary of $100 per week, as did Jacob and Samuel Orenstein. The petitioner and Jacob and Samuel Orenstein devoted their full time to the business. Samuel was office manager; Jacob, sales manager, and petitioner, factory manager. None of the wives performed any services on behalf of the partnership. They knew very little about its business operations and took no active part in its management. The profits of business were distributed according to the alleged interests of the six partners. Some of the profits were paid to petitioner's wife by check and some credited to her capital account and left in the business. She used the funds that were paid to her for payment of her income taxes, household expenses and her personal needs. At the close of 1946 the existing partnership was terminated and the business was again incorporated. The stock of the corporation was distributed to petitioner and others in proportion to their alleged partnership interests. There was no intention *236 on the part of the petitioner and his wife to make her a bonafide business partner in the partnership of Star Binding Manufacturing Company. Opinion LEMIRE, Judge: The evidence in this case fails to overcome the correctness of the respondent's determination that petitioner's wife was not a partner in Star Binding Manufacturing Company. The only inference to be gained from the evidence is that the partners, petitioner, Jacob Orenstein and Samuel Orenstein, undertook to bring their wives into the partnership for no other purpose than to gain a tax advantage. The wives knew nothing about the business and never took any active part in it. They contributed no new capital. The petitioner testified that his wife originally furnished one-half of his $1,000 contribution to the predecessor partnership at about the time of their marriage, but this testimony is not corroborated by any other evidence. In any event that contribution was not traced to the partnership here under consideration through the intervening incorporation. The claim of petitioner's wife to a partnership interest must rest entirely upon her alleged contribution of the undivided interest which petitioner gave her for *237 that purpose. Assuming that this may have been intended as a valid gift to the wife, "Mere legal title to capital acquired by gift is alone insufficient" (to support a partnership status), as stated by the court in , citing ; , and other cases. The respondent, we think, has correctly determined that petitioner's wife was not a partner in the business, and that the petitioner is taxable on his 30 per cent share of the partnership profits. Decision will be entered under Rule 50.